In the Matter of EDWARD S. PATTERSON, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 16, 1988

## APPEARANCES OF COUNSEL

*Gary Casella (Gary D. Egerman* of counsel), for petitioner.

*Edward S. Patterson,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the practice of law by this court on June 17, 1964. The Special Referee sustained five charges of professional misconduct. The petitioner moves to confirm the report of the Special Referee and the respondent moves to disaffirm the report.

The first charge of the petition alleged, *inter alia,* that the respondent, in his capacity as a substitute trustee, converted to his own use and failed to account for approximately $11,500.

The second charge alleged that the respondent, in connection with an estate matter, was entrusted with jewelry valued at approximately $5,000, and failed to account for the jewelry.

The third charge alleged that the respondent failed to maintain a ledger book or similar record for trust accounts in violation of the rules of this court.

The fourth charge alleged that the respondent failed to maintain certain bank records as required by the rules of this court.

The fifth charge was withdrawn by the petitioner.

The sixth charge alleged that the respondent, while under oath, falsely answered a subpoena stating therein that he did not have a bank account when in fact he knew that he maintained a checking account.

After reviewing all of the evidence, we are in full agreement with the findings contained in the report of the Special Referee. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted. The respondent's motion to disaffirm the report is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent should be, and hereby is, disbarred, and it is directed that his name be stricken from the roll of attorneys and counselors-at-law forthwith.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.